UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6796 PA (SKx) | Date | January 8, 2026 |
|---|---|---|---|
| Title | Michael Yamamoto v. Federal Express Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS – COURT ORDER

　　Before the Court is a Motion to Remand filed by plaintiff Michael Yamamoto ("Plaintiff") (Docket No. 24.)  Plaintiff contends that the Notice of Removal filed by defendants Federal Express Corporation and FedEx Corporation ("Defendants") fails to satisfactorily establish that the parties are minimally diverse or that the amount in controversy exceeds the $5 million jurisdictional minimum for the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  The Motion to Remand is fully briefed.  (Docket Nos. 27, 31.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 12, 2026 at 1:30 p.m. was vacated, and the matter taken off calendar.

**I.       PROCEDURAL BACKGROUND**

　　Plaintiff filed his class action Complaint in Los Angeles County Superior Court on May 30, 2025.  Plaintiff's First Amended Complaint ("FAC"), filed on June 25, 2025, alleges claims for failure to pay overtime wages, failure to pay minimum wages, failure to pay all wages due upon termination, wage statement violations, failure to timely pay wages, violation of Labor Code § 227.3, breach of contract and violation of California's unfair competition law (Cal. Bus. & Prof. Code §17200 ("UCL")) on behalf of himself and a putative class.  Defendants filed a Notice of Removal on July 24, 2025.  The Notice of Removal alleges that the parties are minimally diverse under CAFA – Plaintiff is a citizen of California and Defendants are citizens of Delaware and Tennessee.  (NOR ¶¶ 15-21.)  The Notice of Removal further alleges that the amount in controversy at issue by virtue of Plaintiff's claims for relief exceeds the $5,000,000 CAFA jurisdictional minimum.  (Id. ¶¶ 22-31.)

**II.      LEGAL STANDARD**

　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution.  Kokkonen v. Guardian Life Ins. Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6796 PA (SKx) | Date | January 8, 2026 |
|---|---|---|---|
| Title | Michael Yamamoto v. Federal Express Corporation, et al. | | |

511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA removals. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee, 574 U.S. at 82)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "'[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (quoting Dart Cherokee, 574 U.S. at 88, 135 S. Ct. at 554). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Fritsch, 899 F.3d at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6796 PA (SKx) | Date | January 8, 2026 |
|---|---|---|---|
| Title | Michael Yamamoto v. Federal Express Corporation, et al. | | |

### III. ANALYSIS

#### A. EVIDENTIARY OBJECTIONS

Plaintiff asserts a number of evidentiary objections to Defendants' declarations submitted in support of their Notice of Removal and Opposition to the Motion to Remand. (Docket No. 31-1.) Those objections concern the evidence presented regarding the parties' citizenship, business practices and the employment record review and analysis supporting Defendants' amount in controversy assumptions and calculations. (Id.)

With respect to Plaintiff's objections based on inadmissibility, lack of foundation, authentication or personal knowledge, when considering summary judgment type evidence, the Court may consider evidence which may be presented in an admissible form at trial, even if not presented in an admissible form at this stage. See Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006) (citing Fraser v. Goodale, 342 F. 3d 1032, 1036-37 (9th Cir. 2003)). Indeed, courts "routinely accept declarations from human resources personnel and similar administrative managers as credible evidence to support CAFA removal." Loaiza v. Kinkisharyo Int'l, LLC, No. LACV1907662JAKKSX, 2020 WL 5913282, at *8 (C.D. Cal. Oct. 6, 2020); see Alvarez v. Off. Depot, Inc., No. CV177220PSGAFMX, 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (collecting cases). Defendants are not required to provide actual business records as evidence of the amount in controversy. See Espinosa v. Genesis Healthcare, Inc., No. 220CV00688JFWJEMX, 2020 WL 10641865, at *2 (C.D. Cal. Mar. 31, 2020) ("Defendants are not required to submit actual business records to establish CAFA jurisdiction."). Accordingly, these objections are overruled.[1] With respect to objections based on speculation or improper opinion, these address the weight of the evidence, and are also overruled. Finally, any other objections to facts or evidence not cited or relied on in this Order are overruled as moot. See American Guard Services, Inc. v. First Mercury Insurance Co., CV 15-9259 PA (PJWx), 2017 WL 6039975, at n. 5 (C.D. Cal. Apr. 14, 2017).

#### B. DIVERSITY OF THE PARTIES

Plaintiff's initial argument that Defendants have failed to allege diversity of the parties is without merit. The Notice of Removal affirmatively alleges that there is minimal diversity between the parties, because Plaintiff is a citizen of the State of California and Defendants are

---

[1] Moreover, based on the Court's review of the statements objected to in the declarations of Ms. Sasso, Mr. Lamia, and Mr. Eslami, there is no basis to conclude that the declarants lack personal knowledge or are otherwise unqualified to offer the testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6796 PA (SKx) | Date | January 8, 2026 |
|---|---|---|---|
| Title | Michael Yamamoto v. Federal Express Corporation, et al. | | |

citizens of the States of Delaware and Tennessee. (NOR ¶¶ 15-21.) The allegations in the Notice of Removal are sufficient, especially given that Defendants removed this action under CAFA, and the presumption against removal does not apply. Jauregui v. Roadrunner Transportation Services, Inc., 28 F.4th 989, 993 (9th Cir. 2022). Moreover, the Court notes that while Plaintiff argues in his Motion to Remand that the allegations are insufficient, he failed to actually submit a declaration or any evidence regarding his own citizenship that would question or defeat minimal diversity. Thus, Defendants were not obligated to present any additional evidence of the parties' citizenship. See Adams v. West Marine Products, Inc., 958 F.3d 1216, 1221 (9th Cir. 2020) (In a CAFA case, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change.") (citing Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013)).

### C.  AMOUNT IN CONTROVERSY

Plaintiff's FAC alleges a variety of wage and hour claims on behalf of himself and a putative class, but Defendants' damages assessment is premised solely on the allegations of Defendants' failure to timely pay all wages owed at the time of termination or voluntary resignation, including minimum and overtime wages and those for vacation time buy-outs, in violation of California Labor Code §§ 201 and 202. (FAC ¶ 14.) Plaintiff seeks to recover damages, waiting time penalties under section 203, and attorney's fees. (Id. ¶¶ 43-50, and p. 18.) The Complaint alleges a class period extending from three years prior to the filing of the Complaint, or May 30, 2022, for Plaintiff's section 201 and 202 claims. (Id. ¶ 14.)

In his Motion to Remand, Plaintiff asserts that Defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million as required by CAFA because Defendant's calculations rely on unreasonable assumptions. Plaintiff additionally contends that the recovery in this action is likely to be reduced by the settlement of another wage and hour class action filed in Sonoma County Superior Court, Depina v. FedEx Ground Package System, Inc., Case No. SCV-272132 in November 2022.

In support of its Notice of Removal and Opposition to the Motion to Remand, Defendants have submitted two declarations of a paralegal in its corporate legal department detailing information from Defendants' employment records showing that during the class period, Defendants issued final paychecks containing vacation buyouts to 19,580 employees. (See Sasso Dec. (Docket No. 1-1) ¶ 5) and Supp. Sasso Dec. (Docket No. 27-2) (¶¶ 14-15).) Defendants also submitted evidence of the range of wages and hours worked, and used that data to calculate damages based on an assumed violation rate of 100%. (Id.) Based on the conservative assumption that all of the 19,580 employees were part time employees working only two hours

Case 2:25-cv-06796-PA-SK   Document 36   Filed 01/08/26   Page 5 of 6   Page ID #:1457

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6796 PA (SKx) | Date | January 8, 2026 |
|---|---|---|---|
| Title | Michael Yamamoto v. Federal Express Corporation, et al. | | |

per day, and making the lowest possible wage, the potential waiting time penalties amount to more than $12 million, and are alone sufficient to meet the CAFA amount in controversy requirement.[2] (Opp'n. at p. 10.)

Plaintiff challenges the 100% violation rate and maximum 30 day penalty assumed by Defendant in its calculation of the amount in controversy for the waiting time penalty claim. In similar circumstances, the Ninth Circuit has explained that "it was not unreasonable for [the removing defendant] to assume that the vast majority (if not all) of the alleged violations over the time at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty. The fact that a very small percentage of employees might possibly not be entitled to the maximum penalty is not an appropriate reason to dismiss altogether Defendant's estimate for this claim." Juaregui, 28 F. 4th at 994.

The Court thus concludes that Defendants have satisfied their burden to establish that the waiting time penalty claims exceed CAFA's amount in controversy requirement by a preponderance of the evidence. Even if the damages calculation for the section 201 and 202 violations did not exceed $5 million, the value of Plaintiff's other claims, combined with the waiting time penalties and alleged wage statement penalties, and attorneys' fees, would far exceed CAFA's jurisdictional minimum. Indeed, the Court notes that Plaintiff offered no better assumptions, and because Plaintiff is pursuing those claims on behalf of a class, and alleges that Defendants acted pursuant to a "consistent policy" and that the class was damaged by Defendants' "common course of conduct," the Court must assume that those claims have some value. (FAC ¶¶ 25, 69, 79); see id. at 996 ("[T]he reason a defendant's assumption is rejected is because a different, better assumption is identified. Where that's the case, the district court should consider the claim under the better assumption—not just zero-out the claim.").

Finally, the Court rejects Plaintiff's suggestion that the settlement of a different wage and hour class action limits Plaintiff's potential recovery such that Defendants' amount in controversy calculations must be reduced. Plaintiff could have amended the FAC so as to omit the potential class members that are covered by the Depina settlement, but he did not. Accordingly, Defendants may rely on that class definition when calculating the amount in controversy. See Arias, 936 F.3d at 928 (rejecting the plaintiff's argument that the amount in

---

[2] The evidence submitted demonstrates exactly how conservative Defendants' assumption is – in actuality, none of the affected employees earned less than $15 per hour, part time employees were guaranteed at least 3.5 hours per day, and more than 20% of the employees were full time (guaranteed at least 7 hours of work per day). (See Laima Dec. (Docket No. 27-3) ¶¶ 6-7; Sasso Dec. (Docket No. 1-2) ¶ 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6796 PA (SKx) | Date | January 8, 2026 |
|---|---|---|---|
| Title | Michael Yamamoto v. Federal Express Corporation, et al. | | |

controversy was limited because some of the claims were barred by a release from a prior class action because "the strength of any defenses indicates the likelihood of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation").

### D. EQUITABLE JURISDICTION OVER UCL CLAIM

Plaintiff's last argument is that the Court should remand his UCL claim based on lack of equitable jurisdiction. While it is generally true that the Court lacks equitable jurisdiction over a claim that seeks only equitable relief to remedy past wrongs such as restitution and disgorgement, (see Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020)), in this case, Plaintiff also seeks prospective, injunctive relief over which the Court does have jurisdiction. See Steen v. American National Insurance Company, 609 F. Supp. 3d 1066, 1076 (C.D. Cal. 2022) (distinguishing Sonner and holding that district court has equitable jurisdiction over a UCL claim seeking prospective injunctive relief necessary to make plaintiff whole). (FAC ¶ 81 and p. 18).

Moreover, even if the Court lacked equitable jurisdiction over Plaintiff's UCL claim, section 28 U.S.C. § 1447(c) authorizes the remand of an entire case – and not just a single claim – to state court for lack of subject matter jurisdiction or any defect in the removal procedure. See Paszek v. Kraft Heinz Foods Co., No. 3:23-CV-1813-WQH-BLM, 2024 WL 6469021, at *4 (S.D. Cal. July 1, 2024) (rejecting request to remand UCL claim because "Plaintiff cannot properly invoke 28 U.S.C. § 1447(c), which authorizes federal courts to remand a case, not individual claims, to state court); Utne v. Home Depot U.S.A., Inc., No. 16-CV-01854-RS, 2022 WL 1443339, at *3 (N.D. Cal. May 6, 2022) ("piecemeal remand in diversity cases is inappropriate"). Plaintiff cites no authority to the contrary. To date, Defendants have not challenged the sufficiency of Plaintiff's UCL claim or the Court's jurisdiction over it, and this Motion to Remand is simply not the proper way to determine the sufficiency of the UCL claim or how it ultimately will be resolved. The Court therefore rejects Plaintiff's request to remand the UCL claim, and declines to further address any issues related to that claim at this time.

### Conclusion

For all of the foregoing reasons, the Court concludes that Defendants have satisfied their burden of establishing the Court's subject matter jurisdiction under CAFA. The Court therefore denies the Motion to Remand.

IT IS SO ORDERED.